UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| LINDA MILLER,<br><br>    Plaintiff,<br><br>V.<br><br>WAL-MART STORES EAST, LIMITED PARTNERSHIP,<br><br>    Defendant. | CIVIL ACTION NO. 5:18-440-KKC<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Wal-Mart's Motion for Summary Judgment. (DE 16.) Wal-Mart has also filed a Motion for a Hearing relating to its Motion for Summary Judgment. (DE 17). For the reasons stated below, both Motions are **DENIED**.

## I. BACKGROUND

This case arises from a trip and fall incident outside of a Wal-Mart in Lexington, Kentucky. The Plaintiff, Linda Miller, was walking from the parking lot to the pharmacy entrance of the Wal-Mart when she tripped and fell on a raised pavement seam where the parking lot asphalt met the crosswalk outside of the entrance. (DE 19 at 2.) The raised crosswalk spanned across the width of the entrance and it was raised approximately a half-inch above the asphalt in the parking lot. (DE 19-1.) The crosswalk was a faded red color with horizontal white lines painted across the pavement. There was a white line painted across the entire seam where the asphalt converged with the crosswalk. (DE 16 at 2; DE 19 at 10.)

1

Miller claims that she sustained an injury to her knee when she fell outside the Wal-Mart and that she underwent a total knee replacement as a result of the fall. (DE 16 at 1.) Miller brought suit against Wal-Mart for negligence, alleging that the raised pavement seam was a dangerous condition posing an unreasonable risk of harm. (DE 1-8 at 2; DE 19 at 10.)

Wal-Mart has filed a Motion for Summary Judgment asserting that Wal-Mart's premises were in a reasonably safe condition and that the "minor change in elevation" did not pose any unreasonable risk of harm. (DE 16 at 6; DE 22 at 5.) Miller responds asserting that summary judgment is inappropriate because whether the raised pavement seam constituted an unreasonable risk of harm is a question for the trier of fact.

As further explained below, the Court finds that the unreasonableness of the raised pavement seam and foreseeability of injury from such condition are questions of fact to be considered by a jury. As such, those issues are reserved for the trier of fact and Wal-Mart's Motion for Summary Judgment must be denied.

## II. ANALYSIS

Summary judgment is granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party." *Combs v. Meijer, Inc.*, No. 5:12-CV-209-KSF, 2012 WL 3962383, at *2 (E.D. Ky. Sept. 10, 2012) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). If the moving party meets its burden, the burden shifts to the nonmoving party to produce specific facts showing a genuine issue for trial. *Id.* Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

2

case, and on which that party will bear the burden of proof at trial." *Id*. at 2552. A genuine issue of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243, (1986).

Here, there are genuine issues of material fact as to whether the raised pavement seam constituted an unreasonable risk of harm and whether injury was foreseeable.

Miller brings a premises-liability negligence claim against Wal-Mart, asserting that the raised pavement seam created an unreasonable risk of harm. "The elements of a negligence claim are (1) a legally cognizable duty, (2) a breach of that duty, (3) causation linking the breach to an injury, and (4) damages." *Patton v. Bickford*, 529 S.W.3d 717, 729 (Ky. 2016). Duty presents a question of law, breach and injury are questions of fact for the jury to decide, and causation presents a mixed question of law and fact. *Id*.

Possessors of land owe a duty to invitees to exercise reasonable care. "Generally speaking, a possessor of land owes a duty to an invitee to discover unreasonably dangerous conditions on the land and either eliminate or warn of them." *Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 909 (Ky. 2013). "Possessors of land are not required to ensure the safety of individuals invited onto their land; but possessors of land are required to maintain the premises in a reasonably safe condition." *Id*. at 908.

Regarding the duty element, the parties agree that Wal-Mart owed a duty to Miller to keep its premises in a reasonably safe condition. (DE 16 at 7; DE 19 at 6.) The parties further agree that Wal-Mart had a duty to eliminate or warn of any dangerous conditions on its property. However, Wal-Mart asserts that "the minor change in elevation is not a hazard." (DE 22 at 6.) Wal-Mart further contends that it "owed no duty to warn or correct [the] condition [of the pavement seam] because it created no unreasonable risk." (DE 16 at 12.)

3

The Court must next determine whether a jury could reasonably find Wal-Mart breached its duty to Miller. Kentucky has adopted and follows comparative fault principles in negligence cases. *See Shelton*, 413 S.W.3d at 906. Under Kentucky law, generally, the question of breach is entirely factual and inappropriate for summary judgment. *See Dunn v. Wal-Mart Stores E., LP*, 724 F. App'x 369, 374 (6th Cir. 2018); *Patton,* 529 S.W.3d at 729 (Breach is a "question[ ] of fact for the jury to decide."). Further, Kentucky courts have "repeatedly and explicitly declared that, under comparative fault, the unreasonableness and foreseeability of the risk of harm is normally a question for the jury to determine in deciding whether the defendant breached its duty of care in all but the rarest of circumstances." *Dunn*, 724 F. App'x at 374; *Shelton*, 413 S.W.3d at 916 ("[T]he question of foreseeability and its relation to the unreasonableness of the risk of harm is properly categorized as a factual one, rather than a legal one.").

Kentucky courts have found an unreasonable risk could be created by a variety of scenarios. Indeed, Kentucky courts have held that

> an unreasonable risk could be created by a 'simple curb' outside an emergency room (*McIntosh*), wires on the floor near a hospital bed (*Shelton*), ice in the parking lot of a hotel after a winter storm (*Carter*), the slipperiness of a wet hotel bathtub (*Goodwin*), … a small pothole between the pumps of a gas station (*Grubb*)[,] … the corner of a pallet protruding from the bottom of a store display … [(*Veloudis*),] uneven pavement at a gas station … [(*Embry*), and] … a concrete flower pot placed near the exit of a banquet hall [(*Rogers*)].

*Dunn*, 724 F. App'x at 374. *See Grubb v. Smith*, 523 S.W.3d 409, 417 (Ky. 2017) (as modified Aug. 24, 2017); *Goodwin v. Al J. Schneider Co.*, 501 S.W.3d 894, 899 (Ky. 2016); *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288, 291 (Ky. 2015); *Shelton*, 413 S.W. 3d at 918; *Ky. River Med. Ctr. v. McIntosh*, 319 S.W.3d 385, 388 (Ky. 2010); *Rodgers v. Grant Cty. Football Boosters*, No. 2016-CA-000377-MR, 2017 WL 4570711, at *6 (Ky. Ct. App. Oct. 13, 2017) *Veloudis v. Wal-Mart Stores E., Ltd. P'ship*, No. 2016-CA-000207-MR, 2017 WL 3499927, at

*8 (Ky. Ct. App. July 28, 2017); *Embry v. Mac's Convenience Stores, LLC*, No. 2012-CA-000333-MR, 2014 WL 2640240, at *6 (Ky. Ct. App. June 13, 2014).

Moreover, and most relevantly, the Sixth Circuit recently reversed an opinion issued by this district granting summary judgment for Wal-Mart where the Plaintiff injured her knee during a trip and fall on an uneven sidewalk expansion joint raised approximately a half inch to an inch above the sidewalk slabs. *Dunn*, 724 F. App'x at 370. The Sixth Circuit held in *Dunn v. Wal-Mart* that the unreasonableness of an uneven sidewalk expansion joint and the foreseeability of harm from such condition were questions of fact to be considered by a jury. *Id.* at 375 ("Here, the unreasonableness of the risk posed by an uneven sidewalk expansion joint, the foreseeability of harm to an invitee, and whether Wal-Mart breached its duty of care, are questions of fact that should not have been resolved as a matter of law.") Although *Dunn* is unpublished, the Court considers it substantial authority as the facts and circumstances of *Dunn* are not meaningfully distinguishable from the present case. In *Dunn*, the Plaintiff tripped and fell on the sidewalk outside a Wal-Mart store. Plaintiff asserted that she felt her foot "catch on something," which caused her to fall. *Id.* at 370. She asserted that once she fell, she saw uneven concrete "sticking up" about a half inch to an inch. *Id.* Photographs submitted as evidence by the Plaintiff and Walmart showed an uneven sidewalk expansion joint. *Id.* at 371. Although there were other issues in the case, including whether the Plaintiff tripped on the sidewalk expansion joint or over her own feet, the Court found that the uneven sidewalk expansion joint was a risk-posing condition, the reasonableness of which was to be considered by a jury. *Id.* at 375. The Court stated:

> Lastly, assuming as we must that Dunn tripped on an uneven expansion joint in the sidewalk, the obviousness of such a risk-posing condition is nothing more than a circumstance that the trier of fact can consider in assessing the fault of either party. *Carter*, 471 S.W.3d at 297. "[A]n obvious risk-posing condition on the property can be unreasonable if, despite the obviousness, the property possessor can still anticipate someone being injured by it." *Grubb*, 523 S.W.3d at 419. As outlined earlier, the

5

Kentucky Supreme Court has repeatedly and explicitly declared that, under comparative fault, the unreasonableness and foreseeability of the risk of harm is normally a question for the jury to determine in deciding whether the defendant breached its duty of care in all but the rarest of circumstances … Here, the unreasonableness of the risk posed by an uneven sidewalk expansion joint, the foreseeability of harm to an invitee, and whether Wal-Mart breached its duty of care, are questions of fact that should not have been resolved as a matter of law.

*Id*.

The similarities between *Dunn* and the present case are palpable. In the present case, Miller tripped over a pavement seam raised approximately a half inch above the asphalt in the parking lot. Miller asserts that she was entering Wal-Mart when her "foot got hung in the raised concrete" causing her to fall on her left knee. (DE 16-1, Plt. Dep. at 60.) Miller did not notice the raised crosswalk prior to her fall, but she later saw and photographed the raised edge post-accident. (DE 16-1, Plt. Dep. at 66-67.) The parties have provided a series of photographs depicting the area where Miller fell. In one of the photographs, which was taken looking down at the pavement seam, it is difficult to tell whether there is any sort of change in elevation between the parking lot and the crosswalk. (DE 16 at 2.) However, another photograph clearly reveals a raised ledge along the seam where the asphalt meets the crosswalk. (DE 16 at 2). The parties further provided the Court with a photograph measuring the height of the raised seam, which showed that the crosswalk was elevated approximately a half inch higher than the parking lot asphalt. (DE 19-1.) Thus, this case, like *Dunn*, deals with a trip and fall over a slightly raised pavement seam. As in *Dunn*, the unreasonableness of the risk posed by the raised pavement seam, the foreseeability of harm to an invitee, and whether Wal-Mart breached its duty of care, are questions of fact that should be resolved by a jury.

Wal-Mart attempts to assert that *Dunn* is distinguishable from the present case because it dealt with concepts of the openness and obviousness of a hazard—the uneven sidewalk expansion joint—and here, it argues, there was no hazard. (DE 22 at 6 ("Wal-Mart is not

arguing that the minor change in elevation at the Hamburg Wal-Mart is an open and obvious hazard, as in *Dunn*. Rather the minor change in elevation is not a hazard; it is reasonably safe.").) Wal-Mart essentially argues that the risk-posed by an uneven expansion joint raised approximately a half inch to an inch above the sidewalk slabs in *Dunn* is somehow different from the risk-posed by a pavement seam raised approximately a half inch in the present case. However, the Court fails to see the difference between the two. Like the uneven expansion joint in *Dunn*, the raised pavement seam was a hazard which posed a risk to invitees. Whether that risk was reasonable and whether Miller's injuries were foreseeable are subject to rational debate, as supported by *Dunn*. Accordingly, these questions are reserved for the trier of fact and Wal-Mart's Motion for Summary Judgment is denied.

Wal-Mart further requests this Court to conduct a hearing on its Motion for Summary Judgment. The Court finds, however, that a hearing would not be of assistance in this matter. As such, Wal-Mart's request for a hearing is denied.

### III. CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** as follows:

(1) Defendant's Motion for Summary Judgment (DE 16) is **DENIED**.

(2) Defendant's Motion for a Hearing (DE 17) is **DENIED**.

(3) This case shall proceed to trial.

Dated September 25, 2019

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY